Nos. 21-2874, 21-3056, & 21-3382

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

_____

**UNITED STATES OF AMERICA,**
*Plaintiff-Appellee,*

v.

**DERRICK GRANGER,**
*Defendant-Appellant.*

_____

On Appeal From the United States District Court
for the Southern District of Indiana, Indianapolis Division
Case No. 1:20-CR-97-24
Honorable James R. Sweeney, II

_____

**REPLY BRIEF OF APPELLANT DERRICK GRANGER**

_____

<div style="margin-left: 40%">

Christopher T. Grohman
**Benesch Friedlander Coplan and Aronoff**
71 S. Wacker Drive, Ste. 1600
Chicago, Illinois 60606
Telephone: (312) 212-4943
Email: cgrohman@beneschlaw.com

Carly Chocron
**TAFT STETTINIUS & HOLLISTER LLP**
111 East Wacker Drive,
Suite 2800
Chicago, IL 60601
Telephone: (312) 515-7313
Email: cchocron@taftlaw.com

Attorneys for Appellant

</div>

# Table of Contents

ARGUMENT ........................................................................................................1

I.   THE EVIDENCE FAILED TO ESTABLISH THAT GRANGER CONSPIRED WITH KING AND/OR DOWLING; THE EVIDENCE MERELY SHOWED THAT GRANGER SUPPLIED METHAMPHETAMINE TO KING ............................................................1

CONCLUSION ...................................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*United States v. Cruse*,
   805 F.3d 795 (7th Cir. 2015) ................................................................................2

*United States v. Johnson*,
   592 F.3d 749, 755 n. 5 (7th Cir. 2010) ................................................................3

*United States v. Lechuga*,
   994 F.2d 346 (7th Cir. 1993) (en banc) ..............................................................2

# ARGUMENT

I. **THE EVIDENCE FAILED TO ESTABLISH THAT GRANGER CONSPIRED WITH KING AND/OR DOWLING; THE EVIDENCE MERELY SHOWED THAT GRANGER SUPPLIED METHAMPHETAMINE TO KING**

The government's sole piece of evidence that Granger conspired with King rather than merely supplied him with methamphetamine for resale is the *one* time that Granger accompanied King to meet with Dowling on March 4, 2020. Tr. 764.

Aside from this one meeting, there is no evidence that Granger knew to whom King was re-selling the methamphetamine, whether it was Dowling or multiple other customers. Other than this one meeting, the government's evidence is extremely limited. They have no recorded phone calls or meetings involving Granger. They have no phone records showing repeated contact between King and Granger. Instead, the trial evidence only revealed one large methamphetamine seizure and one money seizure from Granger, but these seizures merely proved that Granger possessed large quantities of methamphetamine to sell, not that he conspired with anyone to do so. *See* Tr. 1110–15, 1129; Tr. 130–37, 147.

In arguing that Granger and King were on the "same side of the deal," the government states that "Granger repeatedly supplied King with significant amounts of meth—knowing those drugs would be redistributed." Gov. App. Br. at pg. 40. This argument is illogical for multiple reasons. First, with the exception of small user quantities sold on the streets, drugs are always redistributed or resold! Second,

and more importantly, if Granger sold the drugs to King, they are on different sides of the transaction; it does not matter what King did with the drugs after he purchased them from Granger nor whether Granger had knowledge of what King planned to do with the drugs. *See United States v. Lechuga*, 994 F.2d 346, 347 (7th Cir. 1993) (en banc) ("the mere fact that he sold Pinto a quantity of cocaine too large for Pinto's personal use, and therefore must have known that Pinto was planning to resell it, is insufficient to prove a conspiracy between Pinto and him.").

Last, the government argues that Granger's conviction should be affirmed because the jury could infer a conspiracy between Granger and King from King's alleged multiple large purchases of drugs on credit, and the jury could separately infer that Granger always gave King methamphetamine on credit based on the fact that this happened on one occasion, namely March 4, 2020. Gov. App. Br. at pgs. 41-42. The record lacks any basis for this inference on top of an inference to be a reasonable conclusion. To the contrary, the fact that Granger accompanied King on this one occasion belies this conclusion; a more reasonable conclusion is that Granger accompanied King because this was the one time he did not get cash up front, and because he did not get cash up front, he accompanied King to make sure the sale went through. As noted in multiple of this Court's opinions, occasional credit sales are not necessarily inconsistent with a buyer-seller relationship. *United*

2

*States v. Cruse*, 805 F.3d 795, 815 (7th Cir. 2015) citing *United States v. Johnson*, 592 F.3d 749, 755 n. 5 (7th Cir. 2010).

The government had sufficient evidence based on the Los Angeles drug seizure alone to charge Granger with possession with intent to distribute methamphetamine, but instead went a step too far to forgo that charge and instead pursue a conspiracy charge based on scant evidence. The record simply is devoid of enough evidence to show that Granger did anything other than sell King drugs, which makes theirs a buyer-seller relationship, not a conspiratorial one, under this Court's existing precedent.

## CONCLUSION

The evidence failed to establish a conspiracy rather than a buyer-seller relationship and, therefore, this Court should vacate Defendant Granger's conviction on Count One, enter a judgment of acquittal on that count, and remand this matter for resentencing on Count Eight alone. In the alternative, the Court should grant Granger a new trial for the reasons argued in Walker's brief, namely that the district court erred by failing to strike a biased jury and by admitting evidence outside the scope of the charged conspiracy.

DATED: January 10, 2023               Respectfully submitted,

                                      /s/ *Christopher T. Grohman*
                                      **CHRISTOPHER T. GROHMAN**

                          /s/ *Carly Chocron*
                          **CARLY A. CHOCRON**

                          Attorneys for Defendant-Appellant.

# CERTIFICATE OF COMPLIANCE PURSUANT TO
# 7TH CIR. R. 30(D)

I certify pursuant to 7th Cir. R. 30(d) that the appendix included with this brief on appeal incorporates the materials required under Circuit Rule 30(a) and (b).

Respectfully submitted,

/s/ *Christopher T. Grohman*
**CHRISTOPHER T. GROHMAN**

Attorney for Defendant-Appellant.

# CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

I, Christopher T. Grohman, attorney for Appellant, certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 689 words, including footnotes and excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), as modified by Local Rule 32(b), because it has been prepared in 14-pt. Times New Roman, a proportionally spaced typeface, using the most recently released version of Microsoft Office Word.

        Respectfully submitted,

        /s/ *Christopher T. Grohman*
        **CHRISTOPHER T. GROHMAN**

        Attorney for Defendant-Appellant.

# CERTIFICATE OF SERVICE

## When All Case Participants Are Registered For The Appellate CM/ECF System

I hereby certify that on the 10th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Respectfully submitted,

/s/ *Christopher T. Grohman*
**CHRISTOPHER T. GROHMAN**

Attorney for Defendant-Appellant.