Nos. 21-2874, 21-3056, 21-3382
_____

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

---

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

  v.

DERRICK GRANGER, CLIFFORD KING, and ERIC WALKER,

        Defendants-Appellants.

---

Appeal from a Judgment in the United States District Court
for the Southern District of Indiana, Indianapolis Division
District Court Case No. 1:20-cr-00097-JRS-DLP-20
The Honorable James R. Sweeney II, Presiding

---

**REPLY BRIEF OF DEFENDANT-APPELLANT CLIFFORD KING**

---

**FROST BROWN TODD LLP**
Jonathan A. Bont, Attorney No. 28476-49
201 N. Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46204
jbont@fbtlaw.com
Office:  317-237-3800
Fax:  317-237-3900

**Oral Argument Requested**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

ARGUMENT .................................................................................................................... 1

I.     The district court erred in denying King's motion to suppress the search of his residence. .................................................................................................... 1

II.    King is entitled to resentencing because the district court failed to properly calculate a drug quanity and incorrectly enhanced the offense level based on possession of a firearm that formed the basis for a count of conviction for which King was separately sentenced. ............................................................... 3

CONCLUSION.................................................................................................................. 4

CERTIFICATE OF COMPLIANCE WITH FED R. APP. P. 32……………………………………..5

# TABLE OF AUTHORITIES

**Cases**

*United States v. Accardo,* 749 F.2d 1477, 1481 (11th Cir. 1985) …………………………………...2

*United States v. Fairchild,* 940 F.2d 261, 264 (7th Cir. 1991) …………………………………...2

*United States v. Helding,* 948 F.3d 865, 870 (7th Cir. 2020) ……….………………………....3

*United States v. Jones,* ---F.4th ----, 2022 WL 17842985 (7th Cir. 2022) ……………………..1,2

*United States v. Zamudio,* 909 F.3d 172 (7th Cir. 2018) ……………………………………………1

**ARGUMENT**

I.    **The district court erred in denying King's motion to suppress the search of his residence.**

The government concedes that the evidence in the Affidavit did not establish that King stored drugs at his Residence. Gov. Br. 37. The government appears to argue that there was probable cause for other items, beyond drugs, sought in the warrant. *Id.* But, the government provides no description of that probable cause or those items. *Id.* The only other items the Affidavit mentions are King's cell phone and his car; both of which are commonplace personal items, not contraband. R. 1014-1. There is also no description in the Affidavit as to why King's car would be expected to be found inside his Residence. *Id.* The government argues for a rule that as long as the Affidavit establishes drug dealing and the dealer's primary residence, probable cause for a search of the residence exists. Gov. Br. 36. However, this Court has already rejected that rule, most recently in *United States v. Zamudio*, 909 F.3d 172, 176-77 (7th Cir. 2018). It should reaffirm that holding in this case.

This Court's recent opinion in *United States v. Jones*, --- F.4th ----, 2022 WL 17842985 (7th Cir. 2022), which was decided after Defendants' opening brief was filed, exemplifies the distinction between cases where a dealer uses his residence as a drug distribution center and this case. In *Jones*, the affidavit established the defendant's residence and described one instance of the defendant ordering drugs to his residence (March 11), one instance of the defendant asking the Indiana leader of the drug conspiracy (who was also the person who previously delivered drugs) to his residence (April 8), one instance of the defendant ordering drugs and being surveilled at his residence on the same day (April 11), and another instance of the defendant ordering drugs from the Indiana leader of the drug conspiracy (April 16). *Id.* at *5-6. Significantly, the affidavit in *Jones* also recited that based on the agent's experience, he believed

that he would find evidence of drug trafficking and other contraband in the defendant's residence. *Id.* at *6. The Affidavit in this case does not establish the same pattern of drug trafficking at King's residence, nor was there any recitation that based on the officer's training and experience, evidence of drug trafficking was likely to be found in King's residence.

Nor is there any merit to the government's contention that King waived any argument that the officers acted in bad faith. Gov. Br. 38. King argued below that the officers lacked good faith because the Affidavit to search King's residence, which is 167 pages and applies to 15 other residences inhabited by 13 other defendants, left out a prior affirmation made by the same affiant that there was minimal value to searching King's Residence because it was unlikely that any controlled substances would be found there. R. 1002 at 5, 8; R. 1024 at 4; *cf. United States v. Fairchild*, 940 F.2d 261, 264 (7th Cir. 1991) ("There is no evidence that the officers knew anything that would contradict the affidavit's assertion that Fairchild was in control of the premises. Further, the officers' belief that the drugs would still be there is objectively reasonable; nothing indicates the officers had reason to believe the drugs had been removed.").

Without reaching King's argument that the officers acted in bad faith because the affiant knew about his prior statement to a different judge negating probable cause but failed to mention it to the magistrate who issued the warrant to search King's Residence, the district court found that probable cause supported the search warrant. App. 008-014. Accordingly, if this Court decides that the search warrant for King's Residence is invalid, then it could find officer bad faith on this record; or this Court could remand to the district court to develop the evidentiary record on the good-faith exception. *See United States v. Accardo*, 749 F.2d 1477, 1481 (11th Cir. 1985) (remanding to the district court for an evidentiary hearing on good faith). In either event, the case should be reversed.

2

II.     **King is entitled to resentencing because the district court failed to properly calculate the drug quantity and incorrectly enhanced the offense level based on possession of a firearm that formed the basis for a count of conviction for which King was separately sentenced.**

The government asserts that it easily cleared the threshold to apply base offense level 38 to King because "[h]e provided Dowling with one to five pounds of meth per day for a year." Gov. Br. 43 (citing Tr. 577-79). But, Dowling's testimony was that on one occasion King provided her with five pounds of meth in a day and on another occasion, he provided her with three pounds of meth in a single transaction. Tr. 579. She testified—and the record reflects—there were many days she did not receive any meth from King. Tr. 578. That is very different than if she would have testified that she always received between one and five pounds of meth per day from King for a year. Particularly in this case, where the PSR carefully tracked specific drug transactions, there is no reason to rely on imprecise witness testimony or to extrapolate a defendant's drug quantity calculation beyond what a plain reading of that imprecise testimony supports. *See United States v. Helding*, 948 F.3d 865, 870 (7th Cir. 2020) ("[W]here a district court relies on evidence that substantially increases drug quantity, it must take care in determining the accuracy of that evidence."). As stated by King in his opening brief, he acknowledges the total drug weight calculation should be 25,682.304 kg, which equates to base offense level 34. King Br. 6.

The government also argues that any error in calculating King's base offense level is harmless because it would not have affected his guideline range. Gov. Br. 47. In a footnote, the government concedes that if King can demonstrate that his total offense level would be less than 38, the error would not be harmless. Gov. Br. 48, n.2. As explained in King's opening brief, the district court also incorrectly enhanced King's sentence by two levels for possessing the same firearm that formed the basis of another count of conviction. King Br. 14-15. Therefore, his total

offense level would have been 36 (base offense level 34 plus two levels for maintaining a stash house), resulting in a different sentencing guidelines range. Remand for resentencing is appropriate in this case.

## CONCLUSION

For all the foregoing reasons and those discussed in co-defendant/appellant Eric Walker's reply brief, specifically sections **I.** and **II.**, as well as in the opening briefs, Defendants' case should be reversed and remanded for a new trial. In the alternative, King's case should be remanded for resentencing.

Respectfully submitted,

**FROST BROWN TODD LLP**

*/s/* Jonathan A. Bont
Jonathan A. Bont
201 N. Illinois Street, Suite 1900
Indianapolis, IN 46244
317-237-3800
jbont@fbtlaw.com

*Counsel for Clifford King*

## CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App.

P. 32(a)(7)(b)(1) because this brief contains 1127 words, excluding the parts of the brief

exempted by Fed. R. App. P. 32(f).

**FROST BROWN TODD LLP**

*/s/* Jonathan A. Bont
Jonathan A. Bont
201 N. Illinois Street, Suite 1900
Indianapolis, IN 46244
317-237-3800
jbont@fbtlaw.com

*Counsel for Clifford King*

0152346.0764320  4888-9092-8204v1

5